**Stanley N. TENEN, et al., Plaintiffs,**

v.

**Daniel WINTER, et al., Defendants.**

**No. 94–CV–7934.**

United States District Court,
W.D. New York.

May 5, 1998.

Brian Joseph Coyne, Miles, Way & Coyne, Olympia, WA, for Plaintiffs.

Daniel Winter, Waynesville, NC, pro se.

## DECISION AND ORDER

SIRAGUSA, District Judge.

This copyright infringement suit, originally commenced by the plaintiffs in the Western District of Washington, was transferred to the Western District of New York on motion by the defendants and further transferred from Judge Skretny in Buffalo to this court in Rochester. At the time of the transfer from Buffalo, six motions and a report and recommendation by United States Magistrate Judge Scott were pending. After a careful review of the papers listed below and the transcript of oral argument had before Magistrate Judge Scott, this court issues the following decision and order. Following this decision, no further motions remain outstanding.

## I. Factual Background

To understand the parties' positions in the various motions filed, describing the facts of the case is necessary as related by the various pleadings. This suit was commenced by plaintiffs in February 1994, seeking damages for copyright infringement and disparagement. Mr. Tenen states in his complaint [document # 1] at page 9, that he "discovered that the letters of the sacred alphabets [Hebrew and Arabic] can all be generated by shadowgrams of a *single* three-dimensional object ... placed inside a tetrahedron [which] casts two-dimensional shadows, called 'flame letters,' comprising the letters of the Hebrew, and Arabic alphabets ..." The court will refer to this "three-dimensional object" as Mr. Tenen's sculpture.

Mr. Tenen illustrated his discovery in 1986 in a paper entitled, "The Light in the Meeting Tent," which was registered by plaintiffs with the U.S. Copyright Office along with an additional sheet under two registration numbers, both in 1992. *See* Exhibits 5 & 6 of the Complaint.

Defendant Daniel Winter, the plaintiffs allege, published a paper entitled "Planet Heartworks—A New Synthesis," which was in part a direct copy of the plaintiffs' copyrighted work. *See* Complaint, at 11. The plaintiffs allege further copyright violations by the defendants in September 1988 and allege that Mr. Winter approached Apple Computer, Inc., seeking collaboration regarding one of the plaintiffs' research topics. *See* Complaint, at 12. The plaintiffs allege that despite an earlier agreement by defendants to cease distributing the plaintiffs' copyrighted material, he has done so since 1988 and continues to do so today through the World Wide Web on the Internet.

Defendant Winter has answered [document # 19] that his model was formed from projections of the Golden Mean Spiral. The Golden Mean, also known as Phi, is a number calculated from the formula of A/B = B/C, or approximately 1.618. *See* *cite. The defendants argues that when he projects a spiral comprising one and one-half turns of the golden mean onto a torus (an object with the appearance of a donut or bagel), he arrives at the golden mean spiral. He also claims that this Golden Mean Spiral is mathematically calculated and has provided the x, y and z coordinates for recreating his Golden Mean Spiral by means of a computer graphics program.

The plaintiffs counter that the numbers provided by the defendants create a golden mean spiral that intersects the equator of the torus at an angle remarkably similar to Mr. Tenen's sculpture, described above. The plaintiffs' further allege that to achieve this Golden Mean Spiral that mimics Mr. Tenen's sculpture, the defendants had to manually manipulate the coordinates from lines sixty through seventy-three. *See* Deposition of James Fournier, at 15 (attached to Plaintiffs' Reply. to Defendants' Response Re: Objections [document # 185] ). In short, plaintiffs allege that Mr. Winter has fudged the resulting computer diagram with the computer mouse to have the diagram exactly match Mr. Tenen's sculpture and as a result, the numbers after line fifty-nine in defendants' spread sheet (of the x, y and z coordinates of his Golden Mean Spiral), "cease to increase and start to decrease until they go essentially to zero, to negative—very, very small negative number at line 73." *Id.* As a result, plaintiffs allege that Mr. Winter's three dimensional Golden Mean Spiral is not mathematically created, but created by exactly copying the Mr. Tenen's copyrighted sculpture.

## II. Motions Pending

Pending before this court are the following motions:

Doc # 150 By plaintiff Meru Foundation, et al

Part # 1 to certify for contempt defendant's noncompliance with discovery order of July 25, 1996 (# 135)

Doc # 152 By plaintiff Meru Foundation, et al

Part # 1 for Preliminary Injunction

Doc # 152 By plaintiff Meru Foundation, et al

Part # 2 for an order to Show Cause

Doc # 156 By defendant Winter

Part # 2 to Dismiss

Doc # 157 By defendant Winter

Part # 1 for Summary Judgment

Doc # 157 By defendant Winter

Part # 2 to Dismiss

In addition to the motions, also pending is the September 12, 1997 Order, report and recommendations of Magistrate Judge Scott concerning: 1) Plaintiffs' motion for change of venue [129–1] was denied; 2) Plaintiffs' motion for entry of partial judgment[162–1] was denied; 3) It was recommended that Plaintiffs' motion for sanctions [150–1] be granted, precluding the defendants from introducing evidence at trial in support of his counterclaim; and 4) It was recommended that Plaintiffs' motion [152–1] for a preliminary injunction be denied.

Plaintiffs filed objections [documents # 179 & # 180] to the Order and Report and Recommendations, as did defendants (albeit circuitously) [attached to document # 187]. Plaintiffs filed a reply [document # 185] and the transcript of oral argument was filed as document # 184.

For simplicity, the court will address each issue in the order of the Magistrate Judge Scott's Report and Recommendations.

## III. Remedy for Defendant's Failure to Provide Discovery

■ The district court reviews the magistrate judge's report and recommendation *de novo* for any finding, or recommendation to which an objection has been lodged. 28 U.S.C. 636(b)(1); *McCarthy v. Bronson*, 906 F.2d 835, 840 (2nd Cir.1990). The district judge will normally not consider arguments, case law, or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See Paterson–Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Non-dispositive pretrial motions are subject to review by a district judge under a clearly erroneous or contrary to law standard. *Collins v. Foreman*, 729 F.2d 108 (2nd Cir.1984).

■ Magistrate Judge Scott found that the defendants had failed to provide discovery concerning interrogatories he was court ordered to answer on the subject of his allegation that the plaintiffs made defamatory statements. Though the plaintiffs sought to have the defendants found in contempt of court, Magistrate Judge Scott recommends imposing Rule 37 sanctions. FED.R.CIV.P. 37(b)(2)(B). Specifically, he recommends that the defendants be precluded from intro-

ducing evidence of his counterclaim during trial.

The plaintiffs assert that Rule 37 sanctions are appropriate, but insufficient in that "the remedy does not go far enough—i.e., it wholly ignores our need for the requested information to prove *our* claim against the defendants." Plaintiffs' Objections to Order and Report & Recommendation (Sept. 12, 1997; No. 178) [hereinafter "Plaintiffs' Objections"], at 2 [emphasis in original]. Plaintiffs cite to two prior orders requiring the defendants to provide records of his sales and other business information [documents # 111 & # 135]. He further relates that defendants has still not produced the answers despite the two orders compelling him to do so. Plaintiffs' Objections, at 2.

Plaintiffs argue that they will be unable to obtain damages (in lieu of a preliminary injunction, which was denied to them by the Western District of Washington) without records of the defendants' sales of his CD–ROMS, video tapes and other written material, profits from lectures, seminars and defendants' Internet site all of which allegedly violate the plaintiffs' copyright. *Id.* Plaintiffs, therefore, ask the court to enforce the two prior orders, in addition to the Rule 37 sanctions concerning the defendants' defense.

The defendants responds to this portion of Magistrate Judge Scott's Report, "I have no further responses ... I feel the Judge wrote a very useful summary of the true and correct situation in making the recommendations he did." Defendants' Response [attached to document # 187], at 2.

The court finds that the Rule 37 sanction is appropriate to address the defendants' counterclaim and so orders that the defendants is precluded from presenting any evidence at trial of the alleged defamation by plaintiffs. However, plaintiffs' point is well taken that having been denied a preliminary injunction since 1994, their only adequate remedy is damages and the only way they can prove the amount of damages is to present records of the defendants' profits from the alleged copyright infringement. Therefore, the court orders the defendants to file with court-appointed referee, Adrian J. Burke, Esq., 19 West Main Street, Suite 812, Rochester, New York 14614, phone number (716) 232–5958, not later than April 30, 1998, any records of sales of the materials in compliance with the two prior orders [# 111 & # 135], copies of which are attached hereto. In addition, this duty to file is continuous until the commencement of trial on July 27, 1998 or any later adjourned date and defendants will file sales records with Mr. Burke every thirty days thereafter beginning on May 30, 1998. In the event that no revenues are generated in any given period, the defendants shall so inform Mr. Burke in writing under oath. Failure to so file will result in further sanctions and reconsideration of the plaintiffs' motion for a preliminary injunction.[1]

### IV. Venue

The plaintiffs moved for a change of venue as an alternative to a trial date certain. Since the case has been transferred to this court and scheduled for trial from July 27, 1998 through August 7, 1998, the motion for a change of venue is denied.

Further, the court finds that Magistrate Judge Scott's decision is well reasoned and especially considering that the change of venue was a request for alternate relief and this court can grant the plaintiffs a trial date certain within three months, the court will affirm the order denying a change of venue.

### V. Preliminary Injunction

Plaintiffs seek "a preliminary injunction preventing the defendants from publishing, promoting or distributing ten certain books, videotapes and CD–ROM's; from 'posting or transmitting via the [I]nternet ... any version of the plaintiffs' copyright flame letter vortex sculpture, with or without tetrahedral frame ...; and (c) from disposing or destroying his written records regarding the listed books, videos and CD–ROMs and mandating that he keep more complete written records regarding such materials in the future." Order & Report and Recom-

---

1. It should be noted that by stipulation of the parties, the court signed an order dated this same day, April 15, 1998, prohibiting the defendants from distributing certain specified materials.

mendation, at 8. Magistrate Judge Scott recommended against granting the injunction on the same grounds used by Judge Bryan when he denied plaintiffs' second motion for a preliminary injunction. *Id.*, at 9.

This court agrees with Magistrate Judge Scott's assessment of the case at this stage: "plaintiffs have not established that the ideas upon which the defendants' work are based are subject to copyright protection, or that to the extent the plaintiffs have a copyright, that such copyright has been infringed by the defendants' work." Clearly the factual issue pertaining to the ability of defendants to create the shape he claims he has through mathematical means will require expert testimony to establish and to refute. In view of this court's order to the defendants to keep more accurate records of sales, it appears that damages will suffice to remedy any breech of copyright found after trial. The plaintiffs' request for a preliminary injunction is denied.

### VI. Judgment for Unpaid Costs

In view of defendants' pro se status, it appears the courts have been lenient in responding to his apparent disobedience of the court's prior orders and sanctions for failure to do so. Although the Report and Recommendation condones postponing entry of judgment to avoid further complicating the lawsuit, this court is of a different opinion. It appears from a review of the lengthy record in this case that the defendants have failed to pay the full amount of costs that were awarded last year ($1,928.82). In view of this court's position regarding the Rule 37 sanction, not entering judgment for the costs at this time would be inconsistent. Therefore, the court orders that the Clerk enter judgment in the amount specified above against the defendants to this suit.

### VII. Orders

Accordingly, it is hereby

ORDERED that the defendants is precluded from presenting any evidence at trial of the alleged defamation by plaintiffs; and it is further

ORDERED that the defendants file with the court-appointed referee and not later than April 30, 1998, records of sales of the materials in compliance with the two prior orders [# 111 & # 135]; and it is further

ORDERED that the defendants file with the court-appointed referee sales records every thirty days thereafter beginning on May 30, 1998; and it is further

ORDERED that the defendants' failure to file business records as required above will cause the court to reconsider the plaintiffs' motion for a preliminary injunction; and it is further

ORDERED that the plaintiffs' motion for a preliminary injunction is denied; and it is further

ORDERED that the Clerk enter judgment in the amount of $1,928.82 against the defendants; and it is further

ORDERED, that the remaining outstanding motions [documents # 150, # 152, # 156 and # 157] are all denied.